UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

PETER SKINNER,                                           **AMENDED**
                                                        **COMPLAINT**
                                        Plaintiff,
                                                        13 CV 6505
            -against-                                   (JG) RER)

                                                        <u>Jury Trial Demanded</u>
CITY OF NEW YORK, MICHAEL CARROLL, Individually,
JOSEPH POLLARI, Individually, RICHARD KATZ, Individually,
TIMOTHY SCOTTO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

        Plaintiff PETER SKINNER, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PETER SKINNER is a twenty-seven year old African American man, residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MICHAEL CARROLL, JOSEPH POLLARI, RICHARD KATZ, TIMOTHY SCOTTO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    On August 26, 2012, at approximately 1:00 p.m., in the vicinity of 96 Gordon Street, Staten Island, New York, defendant officers, believed to include MICHAEL CARROLL, JOSEPH POLLARI, RICHARD KATZ, and TIMOTHY SCOTTO, unlawfully and without reasonable suspicion or any just cause, subjected plaintiff to excessive force, including a choke hold procedure, and then falsely arrested him.

13.    At the above-mentioned location, NYPD police officers rudely approached plaintiff, notwithstanding the fact that he was not engaged in any unlawful or suspicious activity.

14.    Plaintiff stated, in sum and substance, to the officers: nobody's going to talk to you if you're being disrespectful.

15.    In response, one of the defendant officers stated, in sum and substance: we will arrest you.

16.    Plaintiff responded, in sum and substance: for what, I didn't do anything.

17.    To which the defendant officer responded, in sum and substance: you're lucky you have your daughter in your arms.  Put her down, before I take her out of your arms.

18.    In response to the officer's threat, plaintiff stated, in sum and substance: you're only acting like this because you have a badge and a gun.  In the end of the day we're both men. I'm not going to sit here and let you disrespect me. I'm just going to take my daughter up the block.

3

19.    Plaintiff then leaned down to place his daughter in her stroller.

20.    Plaintiff was thereafter grabbed by the defendant officers, restrained in a chokehold, punched in his face, taken to the ground, kicked in the chest, and handcuffed.

21.    While plaintiff was on the ground, defendant officers restrained plaintiff by placing knees on his back and neck.

22.    During this vicious assault, plaintiff lost consciousness and suffered a seizure.

23.    Plaintiff awoke handcuffed with a knee in his neck.

24.    The above acts of brutality were in retaliation for plaintiff's exercise of his right to free speech and not in response to any unlawful behavior.

25.    Plaintiff was transported by ambulance in police custody to Richmond University Medical Center for emergency medical treatment.

26.    After plaintiff received medical treatment, the defendant officers transported plaintiff to the 120th police precinct, where they imprisoned plaintiff therein until his arraignment on false charges filed in Richmond County Criminal Court under Docket # 2012RI007766, said docket having been filed based on the false allegations of defendant MICHAEL CARROLL. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of legal process, to wit: to avoid discipline for their above described acts of brutality.

27.    Defendant MICHAEL CARROLL created and manufactured false evidence against plaintiff, and used same against him in said ongoing legal proceeding.

28.    On March 25, 2013, all of the false charges filed against plaintiff were adjourned

4

in contemplation of dismissal in Richmond County Criminal Court, and have since been dismissed and sealed.

29.     Defendants MICHAEL CARROLL, JOSEPH POLLARI, RICHARD KATZ, TIMOTHY SCOTTO, and JOHN and JANE DOE 1 through 10 either directly participated in the illegal conduct described herein or were present for or otherwise aware of the incident and failed to intervene in the illegal conduct described herein despite a reasonable opportunity to do so.

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a policy of falsification, and the inadequate screening, hiring, retaining, training and supervising its employees.

31.     The foresaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, noticed of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, the use of choke holds, and that many officers including the defendants, improperly use force in retaliation for the lawful exercise of free speech, abuse their authority to arrest individuals, and commit perjury and/or manufacture evidence to convict such individuals in order to cover up their misconduct, and that they otherwise engage in falsification.

32.     Defendant CITY OF NEW YROK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's rights.

5

33.   Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY OF NEW YORK has retained these officers and failed to adequately train and supervise them.

34.   As a result of the foregoing, plaintiff PETER SKINNER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

35.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.   All of the aforementioned acts deprived plaintiff PETER SKINNER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39.   The acts complained of were carried out by the aforementioned individual

6

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)**

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants arrested plaintiff PETER SKINNER without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44.     Defendants caused plaintiff PETER SKINNER to be falsely arrested and unlawfully imprisoned.

45.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

46.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.      The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff PETER SKINNER's constitutional rights.

48.      As a result of the aforementioned conduct of defendants, plaintiff PETER was subjected to excessive force and sustained physical injuries.

49.      As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.      Defendants created false evidence against plaintiff PETER SKINNER.

52.      Defendants utilized this false evidence against plaintiff PETER SKINNER in a legal proceeding.

53.      As a result of the defendants' creation and use of false evidence, plaintiff PETER SKINNER suffered a violation of his constitutional rights to fair trial as guaranteed by the United States Constitution.

54.      As a result of the foregoing, plaintiff PETER SKINNER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants issued criminal process against plaintiff PETER SKINNER by causing his arrest and prosecution in Richmond County Criminal Court.

57.     Defendants caused plaintiff PETER SKINNER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their above described acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

58.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The acts of the defendants were retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the

9

plaintiff.

61.    As a result of the aforementioned conduct of the defendants, plaintiff PETER SKINNER was subjected to retaliation for the exercise of his First Amendment rights.

62.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants had an affirmative duty to intervene on behalf of plaintiff PETER SKINNER, whose constitutional rights were being violated in their presence by other officers.

65.    The defendants failed to intervene to prevent the unlawful conduct described herein.

66.    As a result of the foregoing, plaintiff PETER SKINNER's liberty was restricted for an extended period of time, he was maliciously prosecuted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

67.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, using excessive force against individuals in retaliation for their lawful exercise of their right to free speech; improperly employing choke holds; arresting citizens without probable cause an effort to cover up their acts of brutality; and engaging in falsification and/or committing perjury and/or manufacturing

11

evidence in an effort to convict such individuals and/or to cover up acts of brutality. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff PETER SKINNER's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PETER SKINNER.

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PETER SKINNER as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PETER SKINNER as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff PETER SKINNER was unlawfully arrested and maliciously prosecuted.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PETER SKINNER's constitutional rights.

79.    All of the foregoing acts by defendants deprived plaintiff PETER SKINNER of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from the failure to intervene;

      D.    Not to be deprived of their right to fair trial;

      E.    To be free from malicious abuse of process; and

      F.    To be free from retaliation for exercise of their First Amendment rights.

80.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.    This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

85.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants arrested plaintiff PETER SKINNER without probable cause.

88.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

89.     As a result of the aforementioned conduct, plaintiff PETER SKINNER was unlawfully imprisoned in violation of the laws of the State of New York.

90.     As a result of the aforementioned conduct, plaintiff PETER SKINNER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

91.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

14

93.     As a result of the foregoing, plaintiff PETER SKINNER was placed in apprehension of imminent harmful and offensive bodily contact.

94.     As a result of defendant's conduct, plaintiff PETER SKINNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants made offensive contact with plaintiff PETER SKINNER without privilege or consent.

98.     As a result of defendants' conduct, plaintiff PETER SKINNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants issued criminal process against plaintiff PETER SKINNER by causing him to be arrested, arraigned and prosecuted in criminal court.

102.    Defendants caused plaintiff PETER SKINNER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

103.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

107.    The aforementioned conduct was committed by defendants while acting in

16

furtherance of their employment by defendant CITY OF NEW YORK.

108.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff PETER SKINNER.

109.    As a result of the aforementioned conduct, plaintiff PETER SKINNER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

110.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff PETER SKINNER.

113.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114.    As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

115.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff PETER SKINNER.

117.   As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence/Gross Negligence under the laws of the State of New York)

118.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.   As a result of the foregoing, plaintiff PETER SKINNER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

121.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123.   As a result of the foregoing, plaintiff PETER SKINNER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

124.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.   As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

126.   As a result of the foregoing, plaintiff PETER SKINNER is entitled to

19

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PETER SKINNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 19, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff PETER SKINNER
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:   _____
      BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

PETER SKINNER,

                                         Plaintiff,

                                                                    13 CV 6505
          -against-                                                 (JG) RER)

CITY OF NEW YORK, MICHAEL CARROLL, Individually,
JOSEPH POLLARI, Individually, RICHARD KATZ, Individually,
TIMOTHY SCOTTO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                         Defendants.

------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100